UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MAXEY,<br><br>         Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br>UNITED KINGDOM, INDIA, ET AL.<br><br>         Defendants. | No.  2:13-cv-2620 TLN DAD<br><br><br>**ORDER** |

      This matter is before the Court pursuant to James Maxey's ("Plaintiff") Complaint, filed with the Court on December 18, 2013.  (*See* ECF No. 1.)  Plaintiff is a pro se litigant.  After reviewing the document, it appears that Plaintiff intended this document to also serve as a motion for a temporary restraining order.  Specifically, Plaintiff "petitions this Court for an emergency court hearing to compel the Defendants to cease and desist the unwarranted 24 hour surveillance, human, civil and privacy rights violations."  (ECF No. 1 at 2.)

      Plaintiff's Complaint alleges a litany of offenses including: human rights violations, civil rights violations, privacy rights violations, medical malpractice, medical fraud, defamation, intentional infliction of distress, coercion, undue influence, blackmail, physical assault, attempted murder, false arrest, false conviction, false imprisonment, due process violations, conspiracy, negligence, and breach of contract.  (*See* ECF No. 1.)  These numerous alleged violations are only

1

1  exceeded by the number of defendants that Plaintiff has brought these claims against, which
2  include: the United States of America, United Kingdom, India, the State of California, Sierra
3  College, Sacramento Kings Professional Basketball Inc., Kaiser Permanente/Foundation Hospital,
4  Sacramento County Sheriff's Department, Halliburton U.S.A. Inc., Siemens U.S.A. Inc., Valero
5  Gasoline Inc., Chevron Gasoline Inc., Bel Air Supermarkets Inc., Raley's Supermarkets Inc.,
6  Sacramento River Cats Baseball Team Inc., Chevron Gasoline Inc., California Highway Patrol
7  and Sacramento City Police Department.  The Complaint's recitation of allegations concerning
8  numerous defendants makes it difficult for the Court to ascertain the exact parties and behavior
9  that Plaintiff is seeking relief from.

10        To qualify for a temporary restraining order, the moving party must demonstrate (1) a
11  probability of success on the merits and the possibility of irreparable harm, or (2) that the lawsuit
12  raises serious questions and the balance of hardship tips sharply in the movant's favor.  *See*
13  *Hoopa Valley Tribe v. Christie*, 812 F.2d 1097, 1102 (9th Cir. 1986); *Regents of Univ. of Cal. v.*
14  *American Broadcasting Companies, Inc.*, 747 F.2d 511, 515 (9th Cir. 1984); *see also* Fed. R. Civ.
15  P. 65.  Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
16  520–21 (1972), they are not immune from the Federal Rules of Civil Procedure.  *See Ghazali v.*
17  *Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995).

18        Plaintiff's convoluted enumeration of claims does not come close to meeting this burden.
19  Plaintiff has failed to clearly articulate the parties and the behavior that he is seeking injunctive
20  relief from.  Furthermore, he has failed to show a probability of success on the merits, a
21  possibility of irreparable harm, or that this lawsuit raises serious questions of public interest with
22  the balance of hardship tipping in his favor.  As such, the Court hereby DENIES Plaintiff's
23  motion for a temporary restraining order.

24        IT IS SO ORDERED.

26  Dated: December 20, 2013

27                                          Troy L. Nunley
                                            United States District Judge

2